UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CHRISTINE GERAGHTY,

      Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY
      Defendant.
_____)

## COMPLAINT

The Plaintiff, CHRISTINE GERAGHTY ("GERAGHTY"), by and through her undersigned counsel, hereby sues HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof.  This Court has jurisdiction under 29 USC § 1132(f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. GERAGHTY brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. GERAGHTY was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. HARTFORD is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132(e)(2), in that the defendants are authorized to and are doing business within the Southern District of Florida, to wit the Defendant can be found in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to GERAGHTY by HARTFORD.

6. GERAGHTY was at all times material an employee of Wal-Mart Stores, Inc. ("Wall-Mart").

7. GERAGHTY was at all times material a plan participant under the Wal-Mart Long Term Disability Plan, Group Policy No. GLT205215 (the "LTD Plan") which was established by Wal-Mart, and pursuant to which GERAGHTY is entitled to benefits. A copy of the LTD Plan has been attached as Exhibit "A".

8. The LTD Plan is an employee welfare benefits plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. The LTD Plan is underwritten and provided by HARTFORD.

10. As the decision maker and payor of plan benefits, HARTFORD administered the claim under a conflict of interest and the bias this created affected the claims determination.  As such, Defendant is not entitled to a deferential standard of review.

11. HARTFORD is the Fiduciary charged with making benefit determinations under

the LTD Plan, including the determinations made on GERAGHTY'S claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, GERAGHTY is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan,

> "Total Disability or Totally Disabled is defined as:
>
> "Total Disability or Totally Disabled means You are prevented from performing the Essential Duties of:
> 1) Your Occupation or a Reasonable Alternative Job offered to You by the Employer during the Elimination Period and for the 12 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 20% of Your Pre-disability Earnings; and,
> 2) after that, Any Occupation.
>
> Your Disability must result from:
> 1) accidental bodily injury;
> 2) sickness;
> 3) Mental Illness;
> 4) Substance Abuse; or
> 5) pregnancy."

14. At all relevant times GERAGHTY has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since on or about March 8, 2008, GERAGHTY has been disabled under the terms of the LTD Plan.

16. At all relevant times GERAGHTY has been under the regular care of a doctor.

17. At all relevant times, GERAGHTY was a Covered Person under the LTD Plan.

18. Shortly after becoming disabled under the terms of the LTD Plan, GERAGHTY made a claim to HARTFORD for LTD benefits.

19. HARTFORD initially approved GERAGHTY'S claim for LTD benefits, with benefits commencing on or about September 23, 2008.

20. On or about July 16, 2018, GERAGHTY received a letter from HARTFORD informing her that effective July 13, 2018, she would no longer be receiving long-term disability benefits.

21. GERAGHTY timely appealed HARTFORD'S adverse determination.

22. By letter dated October 12, 2018, HARTFORD informed GERAGHTY that it was upholding it previous decisions to terminate her disability claim and that the decision was final and could not be appealed further.

23. From July 13, 2018 to the present date, GERAGHTY has not received benefits owed to her under the LTD Plan, despite GERAGHTY'S right to these benefits.

24. HARTFORD has refused to pay GERAGHTY any benefits under the LTD Plan since July 13, 2018.

25. At all relevant times, HARTFORD was the payor of benefits.

26. At all relevant times, HARTFORD was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, HARTFORD was the claims Administrator.

28. At all relevant times, GERAGHTY has been and remains Disabled and entitled to LTD benefits from HARTFORD under the terms of the LTD Plan.

29. GERAGHTY has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. GERAGHTY incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), GERAGHTY, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. GERAGHTY has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of HARTFORD'S failure to pay her disability benefits.

34. GERAGHTY has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to GERAGHTY at a time when HARTFORD knew, or should have known, that GERAGHTY was entitled to those benefits under the terms of the LTD Plan, as GERAGHTY was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of GERAGHTY'S claim for LTD benefits;

    (c) HARTFORD failed to properly and adequately investigate the merits of GERAGHTY'S disability claim and failed to provide a full and fair review of GERAGHTY'S claim.

36. GERAGHTY believes and thereon alleges that HARTFORD wrongfully

terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which GERAGHTY is presently unaware, but which may be discovered in this future litigation and which GERAGHTY will immediately make HARTFORD aware of once said acts or omissions are discovered by GERAGHTY.

37. Following the termination of benefits under the LTD Plan, GERAGHTY exhausted all administrative remedies required under ERISA, and GERAGHTY has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of HARTFORD, GERAGHTY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding GERAGHTY'S claim for benefits, GERAGHTY, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), GERAGHTY is entitled to have such fees and costs paid by HARTFORD.

40. HARTFORD wrongful and egregious actions have created uncertainty where none should exist; therefore, GERAGHTY is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, CHRISTINE GERAGHTY prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

___/s/ Cesar Gavidia_____
CESAR GAVIDIA, ESQ.
Florida Bar No.: 015263
Email: cesar@diattorney.com

GREGORY M. DELL, ESQ.
Florida Bar No.: 299560
Email: gdell@diattorney.com